[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 309.]

OFFICE OF DISCIPLINARY COUNSEL *v*. HOLZER.

[Cite as *Disciplinary Counsel v. Holzer*, 1997-Ohio-214.]

*Attorneys at law—Misconduct—One-year suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 96-1965--Submitted January 21, 1997--Decided April 30, 1997.)

On Certified Report of the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-77.

_____

{¶ 1} On October 10, 1995, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Richard Jean Holzer of Dayton, Ohio, Attorney Registration No. 0018814, with violation of three Disciplinary Rules while representing a client, the city of Englewood. At the time, respondent was a shareholder at the firm of Pickrel, Schaefer & Ebeling ("firm"). On May 2, 1996, a hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). Based on testimony at the hearing, stipulations filed by the parties, and numerous letters from his clients, friends and members of the bar attesting to respondent's good character, ability, and integrity, the panel found the following facts.

{¶ 2} From October 24, 1992 through February 1, 1995, when the city of Englewood ("city") was a client of the firm, another attorney at the firm was contacted by Eric. A. Smith, the Englewood City Manager, to represent him in a domestic relations matter. The other attorney was designated in the firm's accounting system as the "responsible attorney" for Smith, and respondent was designated as the "requesting attorney," "originating attorney," and "billing attorney." During the above period, with Smith's knowledge, respondent transferred a portion of the time billed by several attorneys of the firm from the

"Eric Smith-Domestic Relations Matter" account to the "City of Englewood-General Matters" account, making changes that altered the nature of the legal services performed by the firm. As a result, the city was billed for a total of 60.05 hours of personal legal services performed on Smith's behalf by lawyers of the firm. Respondent testified that because the city was a very large client of the firm and Smith constantly teased him about diverting the city's work to a competing firm, he felt obligated to charge Smith's fees to the city.

{¶ 3} After the alterations were discovered, the firm issued a corrected invoice to Smith, reimbursed the city a total of $6,142.50, and terminated respondent as a shareholder. Respondent was charged with theft, and on November 8, 1995 began a "Pre-Trial Diversion Program" developed for those who have committed first-time nonviolent felony offenses. Upon successful completion of the program, the criminal case against respondent is to be dismissed with prejudice.

{¶ 4} The panel concluded that respondent's actions violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Taking into account respondent's reputation and the isolated nature of the incident, the panel recommended that respondent be suspended from the practice of law for two years with the entire suspension stayed, and that he be placed on probation for two years under the supervision of a monitoring attorney. While on probation respondent was to perform 1,000 hours of work for governmental or charitable entities. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Geoffrey Stern*, Disciplinary Counsel, *Lori J. Brown* and *Alvin E. Matthews*, Assistant Disciplinary Counsel, for relator.

*Dwight D. Brannon*, for respondent.

————————————

***Per Curiam.***

**{¶ 5}** We adopt the findings and conclusions of the board, but believe that a more severe sanction is warranted. Unlike the fee padding committed in *Toledo Bar Assn. v. Batt* (1997), _____Ohio St. 3d _____, _____N.E.2d _____, the work for which the city was charged in this case was actually performed. The work performed, however, was for the personal account of the city manager and, despite this, was knowingly charged to the city. Taking into account respondent's reputation and the isolated nature of the incident, we nonetheless find that a year's actual suspension is appropriate in this case.

**{¶ 6}** Respondent is hereby suspended from the practice of law for one year from the date of entry of this order. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————